# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CASTOLO WILMER DIAZ MANCILLA | * | |
| 8757 Georgia Ave., Suite 400 | * | |
| Silver Spring, MD 20910 | * | |
| | * | |
| *Plaintiff*, | * | |
| | * | |
| v. | * | Case No.:  1:22-cv-32 |
| | * | |
| CHESAPEAKE OUTDOOR SERVICES, LLC | * | |
| 8602 Inwood Road | * | |
| Windsor Mill, MD 21244 | * | |
| *Serve On:* Jason M. Kriete | * | |
| 2703 Melrose Ave. | * | |
| Woodstock, MD 21163 | * | |
| | * | |
| and | * | |
| | * | |
| CHESAPEAKE TREE & OUTSIDE SERVICES, | * | |
| LLC | * | |
| 8602 Inwood Road | * | |
| Windsor Mill, MD 21244 | * | |
| *Serve On:* Charlotte Ellen Cotter | * | |
| 8602 Inwood Road | * | |
| Windsor Mill, MD 21244 | * | |
| | * | |
| and | * | |
| | * | |
| KEITH ALLEN COTTER | * | |
| 2219 Ridge Road | * | |
| Windsor Mill, MD 21244 | * | |
| | * | |
| and | * | |
| | * | |
| CHARLOTTE ELLEN COTTER | * | |
| 2219 Ridge Road | * | |
| Windsor Mill, MD 212444 | * | |
| | * | |
| *Defendants*. | * | |

*************************************************************************

## COMPLAINT

Plaintiff Castolo Wilmer Diaz Mancilla ("Mancilla" or "Plaintiff"), by and through undersigned counsel, hereby submits this Complaint against Defendants Chesapeake Outdoor Services, LLC, Chesapeake Tree & Outside Services, LLC (together, "Chesapeake"), Keith Allen Cotter, and Charlotte Ellen Cotter (the "Cotters", together with Chesapeake the "Defendants") to recover damages under the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"); the Maryland Wage and Hour Law, MD. CODE ANN., LAB. & EMPLOY. §§ 3-401, *et seq.*, ("MWHL"); and the Maryland Wage Payment and Collection Law, MD. CODE ANN., LAB. & EMPLOY. §§ 3-501, *et seq.* ("MWPCL"), as set forth below.

## PARTIES

1.      Plaintiff is an adult resident of the state of Maryland. By participating as a named plaintiff in this action, Plaintiff consents to prosecute his claims against Defendants under the FLSA, the MWHL, and the MWPCL.

2.      Chesapeake Outdoor Services, LLC is a limited liability company formed under the laws of the State of Maryland with its principal office in Windsor Mill, Baltimore County, Maryland.  It is a tree service company operating throughout the State of Maryland.

3.      Chesapeake Tree & Outside Services, LLC is a limited liability company formed under the laws of the State of Maryland with its principal office in Windsor Mill, Baltimore County, Maryland. It is a tree service company operating throughout the State of Maryland.

4.      Chesapeake Tree Outdoor Services, LLC and Chesapeake Tree & Outside Services, LLC were integrated employers and jointly employed Plaintiff.  These corporate entities share (1) common management by the Cotters and their subordinated; (2) interrelated operations regarding

tree services, trimming, and removal; (3) centralized control at their Windsor Mill office; and (4) common ownership/financial control by the Cotters.

5.      The Cotters continuously owned and operated the corporate entities that comprise Chesapeake for the duration of Plaintiff's employment with Defendants.

6.      At all times during Plaintiff's employment, Defendants' company used tree removal machinery, tools, computer software, and equipment related to tree service and removal that originated and otherwise traveled outside of the State of Maryland and the United States. Thus, Defendants were an enterprise engaged in commerce or the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA.

7.      On information and belief, Defendants' gross revenue exceeded $500,000.00 each year during Plaintiff's employment.  Therefore, Chesapeake qualifies as an "enterprise" within the meaning of § 3(r) of the FLSA.

8.      At all times during Plaintiff's employment, Plaintiff was an employee who, while engaged in employment duties, handled, sold, and otherwise worked on goods and materials related to tree services and removal that were moved in or produced for interstate commerce.  Thus, Plaintiff was an individual employee engaged in commerce or the production of goods for commerce under §§ 206-207 of the FLSA.

9.      Accordingly, subject matter jurisdiction exists because Defendants were a covered entity that employed Plaintiff, therefore satisfying the enterprise coverage provisions of the FLSA.

10.     For the same reasons listed above, Defendants also satisfy the coverage provisions of the MWHL and MWPCL.

11.     At all relevant times, the Cotters were owners of Chesapeake.

12.     At all relevant times, the Cotters owned and were in control of the day-to-day

operations of Chesapeake.  The Cotters managed contact with Chesapeake's clients, decided which jobs to take, and set the scope of Chesapeake's work.

13.     At all relevant times, Chesapeake had complete operational control of Chesapeake. For example, the Cotters maintain custody and control of Chesapeake's business records, such as payroll records, and are responsible for maintaining those records.

14.     At all relevant times, the Cotters were, and continue to be, aware of operations throughout Chesapeake, and are knowledgeable of the company's past and present employment practices and policies.  For example, the Cotters had the ultimate authority to hire Plaintiff and his coworkers, set his work schedule, and set his rate and method of pay.

15.     The Cotters were ultimately responsible for all personnel decisions, including hiring, managing, and firing employees like Plaintiff.

16.     At all relevant times, the Cotters possessed, and continue to possess, the authority and discretion to fix, adjust, and determine the hours worked and amounts paid with respect to all employees at Chesapeake, including Plaintiff.

17.     The Cotters continue to receive income from Chesapeake, and have thus been enriched by the failure to properly pay workers like Plaintiff.

18.     At all relevant times, the Cotters were Plaintiff's "employers" within the meaning of the FLSA, MWHL, and MWPCL.  The Cotters are jointly and severally liable with Chesapeake for damages to Plaintiff under the FLSA, MWHL, and MWPCL.

19.     As set forth below, Plaintiff seeks unpaid overtime wages in amounts to be determined based on the evidence, as well as liquidated damages, statutory damages, and attorney's fees pursuant to the FLSA, MWHL, and MWPCL

20. Plaintiff was a tree cutter and general laborer, and therefore not exempt from the

overtime provisions of the FLSA and MWHL.

## Jurisdiction & Venue

21.     This Court has subject matter jurisdiction over this action pursuant to 29. U.S.C. § 206-207 and 28 U.S.C. § 1331.

22.     This court has supplemental jurisdiction over the MWHL and MWPCL claims pursuant to 28 U.S.C. § 1367(a) because the claims are so related to the facts underpinning the FLSA claim—namely, the terms and conditions of Plaintiff's employment—that they form part of the same case or controversy.

23.     Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants do business within this judicial district and the events giving rise to these claims occurred in this judicial district.

## FACTS

24.     At all relevant times during Plaintiff's employment, the Cotters continuously owned and operated Chesapeake as a tree service with operations throughout the State of Maryland, and Plaintiff performed work for Defendants throughout the State of Maryland.

25.     At all times during Plaintiff's employment, Defendants were Plaintiff's "employers" for purposes of the FLSA, the MWHL, and the MWPCL.   Throughout Plaintiff's employment, the Cotters:

a.   had the power to hire, fire, suspend, and otherwise discipline Plaintiff;

b.   had the power to supervise Plaintiff's work duties to ensure his work was of sufficient quality;

c.   set and controlled Plaintiff's work schedule or had the power to set and control Plaintiff's work schedule;

      d.   set and determined or had the power to set and determine Plaintiff's rate and method of pay; and

      e.   controlled, and was in charge of, Chesapeake's day-to-day operations.

26.    Plaintiff worked for Defendants from about June 1, 2020 until about February 8, 2021.  Plaintiff worked as a tree cutter and general laborer.

27.    Plaintiff typically and customarily worked about forty-five (45) hours per week. Defendants had knowledge that Plaintiff typically worked about forty-five (45) hours per week. Alternatively, Defendants suffered or permitted Plaintiff to work about forty-five (45) hours per week.

28.    From June 1, 2020 through October 29, 2020, Defendants paid Plaintiff $14.00 per hour for all hours he worked, without consideration for overtime hours.

29.    From October 30, 2020 through the termination of Plaintiff's employment on February 28, 2021, Defendants paid Plaintiff $15.00 per hour for all hours he worked, without consideration for overtime hours.

30.    As a tree cutter and general laborer, Plaintiff performed non-managerial, non-exempt, hourly work such as setting up machinery, pruning trees, operating machinery, etc.  that is not exempt from overtime pay under the FLSA, MWHL, or MWPCL.

31.    Defendants paid Plaintiff his regular rate for all hours worked regardless of the hours he worked or the duties he performed.  Defendants did not pay Plaintiff one-and-one-half times (1.5x) his regular hourly rate for Plaintiff's overtime hours.

32.    Defendants' failure to pay Plaintiff properly for his overtime hours, as required by the FLSA, the MWHL, and the MWPCL, was willful and intentional and not the result of any *bona fide* dispute over whether Plaintiff was entitled to the wages.

## CAUSES OF ACTION

### COUNT I
*Plaintiff v. All Defendants.*
**Violation of the Federal Fair Labor Standards Act**
**(Overtime)**

33.     Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

34.     The FLSA mandates that employers must pay non-exempt employees overtime wages in the amount of one-and-one-half times (1.5x) the employee's regular rate of pay ("overtime rate") for all hours worked per week in excess of forty (40) ("overtime hours").

35.     At all times, Plaintiff was Defendants' "employee" pursuant to § 207(a)(1) of the FLSA, and Defendants were Plaintiff Smith's "employers" pursuant to § 207(a)(2) of the FLSA.

36.     Defendants, as Plaintiff's "employers," were obligated to compensate Plaintiff at his overtime rate for all overtime hours Plaintiff worked in a workweek.

37.     As set forth above, Plaintiff's primary duties did not consist of work that would render him exempt from overtime pay.

38.     As set forth above, Defendants had knowledge that Smith worked about forty-five (45) hours each week.  Alternatively, Defendants suffered or permitted Plaintiff to work about forty-five (45) hours each week.

39.     As set forth above, Defendants failed and refused to pay Plaintiff at his overtime rate for the overtime hours Plaintiff worked\.  Defendants paid Plaintiff at his regular hourly rate for all hours worked per week, and did not compensate him for his overtime hours as required under the FLSA.

40.     Defendants' failure and refusal to pay Plaintiff as required by the FLSA were willful and intentional, and were not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count I for all unpaid overtime wages in such amounts as will be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
*Plaintiff v. All Defendants*
**Violation of Maryland Wage and Hour Law**
**(Overtime)**

41.     Plaintiff re-alleges and reasserts each and every allegation set forth in the paragraphs above as if each were set forth herein.

42.     Plaintiff was an "employee" and Defendants were "employers" within the meaning of the MWHL.  As Plaintiff's "employers," Defendants were obligated to pay Plaintiff overtime compensation under § 3-415 and § 3-420 of the MWHL.  These sections require Defendants to compensate Plaintiff at the rate of one-and-one-half times (1.5x) Plaintiff's regular hourly rate ("overtime rate") for all hours worked per week in excess of forty (40) ("overtime hours").

43.     Defendants, as Plaintiff's "employers," were obligated to compensate Plaintiff at Plaintiff's overtime rate for all the overtime hours Plaintiff worked each week.

44.     As set forth above, Plaintiff's primary duties did not consist of work that would render him exempt from overtime pay.

45.     As set forth above, Defendants had knowledge that Plaintiff worked about forty-five (45) hours each week.  Alternatively, Defendants suffered or permitted Plaintiff to work about forty-five (45) hours each week.

46.     As set forth above, Defendants failed and refused to pay Plaintiff at his overtime rate for the overtime hours he worked.

47.     As discussed *supra*, Defendants had actual or constructive knowledge of all hours Plaintiff worked, including overtime hours.   Nevertheless, Defendants willingly and knowingly paid Plaintiff at his regular rate for all hours worked per week, and did not compensate Plaintiff at the overtime rate as required under the MWHL.

WHEREFORE, Defendants are liable to Plaintiff under Count II for all unpaid overtime wages in such amounts as will be proven at trial, plus an equal amount as liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT III
*Plaintiff v. All Defendants*
**Maryland Wage Payment and Collection Law**
**(Unpaid Wages)**

48.     Plaintiff re-alleges and reasserts each and every allegation set forth in the paragraphs above as if each were set forth herein.

49.     Plaintiff was Defendants' "employee" pursuant to § 3-501 and § 3-502 of the MWPCL.

50.     Defendants were Plaintiff's "employers" pursuant to § 3-501 and § 3-502 of the MWPCL.

51.     As Plaintiff's "employers," Defendants were obligated to pay Plaintiff all wages due for the work that Plaintiff performed, including overtime wages.

52.     As detailed above, Defendants failed to compensate Plaintiff for overtime and minimum wages owed.

53.     Defendants' failure and refusal to pay wages due to Plaintiff, including overtime wages, were not the result of any *bona fide* dispute over Plaintiff's entitlement to the wages.

WHEREFORE, Defendants are liable to Plaintiff under Count III for three times (3x) the amount of all unpaid wages, including overtime wages, that Defendants failed to pay Plaintiff, for attorney's fees, costs, and expenses of this action incurred as a result of Defendants' failure to pay Plaintiff what was legally owed, and for such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court

Respectfully Submitted,

**ZIPIN, AMSTER & GREENBERG, LLC**

By: _/s/ Roy Lyford-Pike_
    Roy Lyford-Pike, Esq., No. 19836
    8757 Georgia Ave., Suite 400
    Silver Spring, Maryland 20910
    Phone:   (301) 587 - 9373
    Fax:       (240) 839 – 9142
    rlpike@zagfirm.com

    _Counsel for Plaintiff_