IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**CASTOLO WILMER DIAZ MANCILLA,**          *
                                           *
  *Plaintiff*,                             *
                                           *
  v.                                       *    Civil Case No: 1:22-cv-00032-JMC
                                           *
**CHESAPEAKE OUTDOOR**                     *
**SERVICES, LLC et al,**                   *
                                           *
  *Defendants.*

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

On January 6, 2022, Plaintiff filed this wage and overtime lawsuit against (1) Chesapeake Outdoor Services, LLC, (2) Chesapeake Tree & Outside Services, LLC, (3) Keith Allen Cotter, and (4) Charlotte Ellen Cotter (collectively "Defendants"). (ECF No. 1). Specifically, Plaintiff brings claims under three different statutes: (1) the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), (2) the Maryland Wage and Hour Law, MD. CODE ANN., LAB. & EMPLOY. §§ 3-401, *et seq.* ("MWHL"), and (3) the Maryland Wage Payment and Collection Law, MD. CODE ANN., LAB. & EMPLOY. §§ 3-501 *et seq.* ("MWPCL"). *Id.* at 2.[1] None of the parties have made a demand for a jury trial, and the case is set for a bench trial currently scheduled to begin February 12, 2024. (ECF No. 69 at 1). Presently before the Court is Plaintiff's Motion in Limine to Exclude Evidence and Argument (ECF No. 70). The Court has additionally considered Defendants' Opposition and Plaintiff's Reply thereto (ECF Nos. 75, 79). No hearing

---

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document.

is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, Plaintiff's motion will be granted in part and denied in part.

### I. BACKGROUND

The facts of this case are more fully detailed in the Court's prior memorandum opinion granting in part and denying in part Plaintiff's previous motion for partial summary judgment. *See Diaz Mancilla v. Chesapeake Outdoor Servs., LLC*, No. 1:22-CV-00032-JMC, 2023 WL 3569815, at *1–2 (D. Md. May 18, 2023). To briefly summarize, the two organizational Defendants operate a tree removal and care business purportedly owned and managed by the individual Defendants. *Id.* Plaintiff was a "groundsman" at all times relevant to his claims, who alleges that he was insufficiently paid overtime compensation in violation of the FLSA, MWHL, and MWPCL. *Id.* Relevant for purposes of the present motion, Plaintiff seeks to exclude "Any and all evidence and argument relating to Plaintiff's immigration status" and "ancillary issues." (ECF No. 70 at 2, 5). Plaintiff clarifies in his Reply that such "ancillary issues" may include "social security numbers, tax identification numbers, and other employment-related documents" potentially offered "to indirectly inquire into [Plaintiff's] immigration status." *Id.* at 3.

### II. LEGAL STANDARD

"A motion in limine seeks to exclude anticipated prejudicial evidence before the evidence is actually offered." *Gioioso v. Thoroughgood's Transp., LLC*, No. CV ADC-16-3841, 2018 WL 5281903, at *2 (D. Md. Oct. 24, 2018) (cleaned up). "Such motions are designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Id.* Pursuant to Federal Rule of Evidence 402, "Irrelevant evidence is not admissible." Evidence is relevant under Federal Rule of Evidence 401 if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

Relevant evidence may nevertheless be excluded under Federal Rule of Evidence 403 "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "The United States Court of Appeals for the Fourth Circuit reviews a district court's denial of a motion *in limine* for abuse of discretion." *United States v. Liberto*, 565 F. Supp. 3d 739, 742 (D. Md. 2021); *see also Projects Mgmt. Co. v. Dyncorp Int'l LLC*, 734 F.3d 366, 373 (4th Cir. 2013).

III. ANALYSIS

Plaintiff argues that the Court should preclude Defendants from offering evidence or argument relating to Plaintiff's immigration status because such evidence is irrelevant in deciding liability under the FLSA and its state counterparts. (ECF No. 70 at 3, 5). Defendants concede that "Plaintiff's legal status is not relevant to whether he is owed wages or not." (ECF No. 75 at 1). However, Defendants take issue with Plaintiff's request to exclude "ancillary issues" on the ground that this request is nonspecific and could preemptively preclude relevant evidence otherwise admissible under Federal Rule of Evidence 404. *See* Fed. R. Evid. 404 (detailing the admissibility of character evidence and other crimes, wrongs, or acts). Plaintiff is correct that his immigration status itself is irrelevant to the upcoming trial and Defendants' potential liability under the FLSA, MWHL, and MWPCL. *See Montoya v. S.C.C.P. Painting Contractors, Inc.*, 530 F. Supp. 2d 746, 750 (D. Md. 2008) (excluding evidence of immigration status in FLSA case as "irrelevant" "in light of FLSA's coverage of all workers—undocumented or not," noting that such a conclusion "not only benefits the individual workers, but advances the goals of the FLSA"); *Walsh v. Fusion Japanese Steakhouse, Inc.*, 585 F. Supp. 3d 766, 790–91 (W.D. Pa. 2022) (granting motion in limine to exclude plaintiff employees' immigration status as irrelevant given that "District courts

3

have consistently found that immigration status is irrelevant during FLSA litigation"). Thus, Plaintiff's motion is granted to the extent that Defendants are precluded from offering evidence or argumentation regarding Plaintiff's immigration status.

Regarding the "ancillary issues" mentioned by Plaintiff, the Court will reserve judgment on any additional exclusions pursuant to the above ruling "until trial in order to place the motion in the appropriate factual context." *United States v. Larry*, 537 F. Supp. 3d 766, 768 (M.D. Pa. 2021). Notwithstanding the above ruling, the Court is receptive to Defendants' position that motions in limine in advance of a bench trial do not enjoy the same importance as in the case of a jury trial, and that making such motions may even be unnecessary. *See Craemr v. Sabine Transp. Co.*, 141 F. Supp. 2d 727, 733 (S.D. Tex. 2001) ("First, this is a bench trial, making any motion in limine asinine on its face. Motions in limine are intended to prevent allegedly prejudicial evidence from being so much as whispered before a jury prior to obtaining the Court's permission to broach the topic."). Thus, to the extent that Defendants offer evidence or argumentation at trial that Plaintiff believes to be "ancillary issues" regarding Plaintiff's immigration status that would sufficiently hinder this Court's ability to resolve the case through the upcoming bench trial, Plaintiff may re-raise such objections during that trial. The Court otherwise refrains from excluding information—not specifically identified by Plaintiff in his motion—that does not relate strictly to Plaintiff's immigration status or is indirectly related to Plaintiff's immigration status.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion in Limine to Exclude Evidence and Argument (ECF No. 70) is GRANTED in part and DENIED in part.  Plaintiff's motion is granted to the extent that Defendants are hereby precluded from offering evidence or argumentation specifically regarding Plaintiff's immigration status.  The motion is denied to the extent that Plaintiff seeks preclusion of other unidentified "ancillary issues" related to Plaintiff's immigration status at this time without prejudice to re-raise such objections during the upcoming trial.

Date: <u>January 31, 2024</u>                                              /s/
                                                                      J. Mark Coulson
                                                                      United States Magistrate Judge