IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CASTOLO WILMER DIAZ MANCILLA,** | * | |
| | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Case No: 1:22-cv-00032-JMC |
| **CHESAPEAKE OUTDOOR SERVICES, LLC et al,** | * | |
| | * | |
| *Defendants.* | | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION AND ORDER**

On January 6, 2022, Plaintiff filed this wage and overtime lawsuit against (1) Chesapeake Outdoor Services, LLC, (2) Chesapeake Tree & Outside Services, LLC, (3) Keith Allen Cotter, and (4) Charlotte Ellen Cotter (collectively "Defendants"). (ECF No. 1). Specifically, Plaintiff brings claims under three different statutes: (1) the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), (2) the Maryland Wage and Hour Law, MD. CODE ANN., LAB. & EMPLOY. §§ 3-401, *et seq.* ("MWHL"), and (3) the Maryland Wage Payment and Collection Law, MD. CODE ANN., LAB. & EMPLOY. §§ 3-501 *et seq.* ("MWPCL"). *Id.* at 2.[1] None of the parties have made a demand for a jury trial, and a bench trial began in this case on February 12, 2024. (ECF Nos. 69, 82).

Presently before the Court is an evidentiary objection raised by Plaintiff during the course of that trial. Specifically, Defendants seek to admit evidence of the immigration/employment authorization documents that Plaintiff supposedly forged/fabricated in applying for employment

---

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document.

with Defendants for the purpose of impeaching Plaintiff's character for truthfulness. Specifically, Defendants seek to impeach Plaintiff with evidence that the Social Security information he submitted was false.

The Court considered both parties' positions during a sidebar and deferred ruling, instead wishing to issue a written decision on the matter. For the reasons that follow, the Court will exclude any extrinsic evidence regarding the Social Security information and will not permit Defendants to inquire about the issue during the cross-examination of any witness.

## I.     BACKGROUND

The facts of this case are more fully detailed in the Court's prior memorandum opinion granting in part and denying in part Plaintiff's previous motion for partial summary judgment. *See Diaz Mancilla v. Chesapeake Outdoor Servs., LLC*, No. 1:22-CV-00032-JMC, 2023 WL 3569815, at *1–2 (D. Md. May 18, 2023). To briefly summarize, the two organizational Defendants operate a tree removal and care business purportedly owned and managed by the individual Defendants. *Id.* Plaintiff was a "groundsman" at all times relevant to his claims, who alleges that he was insufficiently paid overtime compensation in violation of the FLSA, MWHL, and MWPCL. *Id.* Relevant for purposes of Plaintiff's evidentiary objection, Plaintiff seeks to exclude any use of the immigration/employment authorization documents submitted by Plaintiff in connection with his employment with Defendants, including as impeachment evidence.

## II.    LEGAL STANDARD

Federal Rule of Evidence 608 provides that "A witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character." Fed. R. Evid. 608(a). Rule 608 additionally mandates that, "Except for a criminal conviction under Rule 609,

extrinsic evidence is *not admissible* to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court *may*, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of: (1) the witness; or (2) another witness whose character the witness being cross-examined has testified about." Fed. R. Evid. 608(b) (emphasis added). Related, Federal Rule of Evidence 404 provides that "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence of other acts is admissible, however, "for another purpose, such as [but not limited to] proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Evidence of other acts "must [nevertheless] pass muster under the balancing test of Rule 403" even if offered for a permissible purpose pursuant to Rule 404(b)(2). *United States v. Williams*, No. CRIM. JKB-11-0162, 2011 WL 5109385, at *1 (D. Md. Oct. 24, 2011). And according to Federal Rule of Evidence 403, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Fourth Circuit Court of Appeals reviews evidentiary rulings "under the well-known abuse of discretion standard, and [] 'will only overturn an evidentiary ruling that is arbitrary and irrational.'" *Noel v. Artson*, 641 F.3d 580, 591 (4th Cir. 2011) (quoting *United States v. Cole*, 631 F.3d 146, 153 (4th Cir. 2011)).

### III.     ANALYSIS

Defendants originally offered as proposed Defense Exhibit 2, which contains both a State Identification Card and a Social Security card, and have offered as Exhibit 3 a printout purporting to show that the Social Security information offered by Plaintiff was false. As to the State Identification Card, Defendants have offered no information to show that it contains false information or is not authentic. The Court has thus already ruled that it is improper impeachment and inadmissible.  As for the Social Security information, the Court previously ruled pursuant to Plaintiff's motion in limine that all evidence of Plaintiff's immigration status was irrelevant to his unpaid overtime claims, but deferred ruling on "ancillary issues" including "social security numbers, tax identification numbers, and other employment related documents." *Mancilla v. Chesapeake Outdoor Servs., LLC*, No. 1:22-CV-00032-JMC, 2024 WL 361328, at *1 (D. Md. Jan. 31, 2024).  As a preliminary matter, any extrinsic evidence of Plaintiff's employment documents is categorically inadmissible under Rule 608 to impeach Plaintiff's character for truthfulness—the specific use set forth by Defendants.  The Court must then evaluate whether it will exercise its discretion under Rule 608(b) to permit Defendants to inquire about the conduct during the cross-examination of any witness.  Turning to Rule 404, the Court notes that using evidence of other acts for impeachment purposes is presumably admissible under Rule 404(b)(2) as "another purpose." *See United States v. Young*, No. 12-CR-00042 (BAH), 2013 WL 12430555, at *4 (D.D.C. Apr. 22, 2013) (declining to admit evidence of uncharged crimes under Rules 608 and 404 but noting that those rules "also do not bar use of [such] evidence on cross-examination for purposes of impeachment").  But the Fourth Circuit has recognized that, at least in the context of criminal trials, "other acts evidence is admissible [under Rule 404] if . . . it is relevant to an issue other than character." *Williams*, 2011 WL 5109385 at *1 (citing *United States v. Hodge*, 354 F.3d

4

305, 312 (4th Cir. 2004)).  Here, there is no indication that the information offered by Defendants is being used for any relevant purpose other than for impeachment.  In fact, this Court and others nationwide have consistently held that a plaintiff's immigration status as well as discovery and evidence regarding a plaintiff's social security number and tax identification numbers are wholly irrelevant to the merits of an FLSA unpaid overtime wage claim.  *See, e.g.*, *Montoya v. S.C.C.P. Painting Contractors, Inc.*, 530 F. Supp. 2d 746, 750 (D. Md. 2008); *Walsh v. Fusion Japanese Steakhouse, Inc.*, 585 F. Supp. 3d 766, 790–91 (W.D. Pa. 2022); *Villareal v. El Chile, Inc.*, 266 F.R.D. 207, 212–13 (N.D. Ill. 2010).  Accordingly, the Court finds that inquiring about Plaintiff's employment documents is not proper under Rule 404.

Even assuming *arguendo* that such evidence is admissible under Rule 404 and surrounding case law, such evidence is inadmissible under the Rule 403 balancing test.  Given that Plaintiff's immigration status and employment documents are irrelevant to the merits of his claims, any purported probative value of the employment documents comes exclusively from its use as impeachment evidence.  However, numerous federal courts have explained that any probative value of impeaching a plaintiff's use of allegedly forged immigration documents in connection with an FLSA case is substantially outweighed by a danger of unfair prejudice because permitting such evidence is inherently likely to either (1) improperly bias a factfinder or (2) create a chilling effect on future employees to enforce their rights under the FLSA.  *See, e.g.*, *Cabrera v. Shafer*, 178 F. Supp. 3d 69, 75 (E.D.N.Y. 2016) ("[T]he Court finds that although the evidence that the Plaintiff may have given the Defendant . . . forged immigration documents may be relevant to the Plaintiff's credibility, the evidence would also be highly prejudicial to the Plaintiff because of the likelihood that it will lead the jury to be improperly biased against the Plaintiff because of his status as an illegal immigrant.  Moreover, the Court is cognizant of the 'chilling effect' that

disclosure of his immigration status may have on his own decision to testify and the decision of other employees to enforce their rights under the FLSA in future cases."); *Barrera v. Boughton*, No. 3:07CV1436 (RNC), 2010 WL 1240904, at *5 (D. Conn. Mar. 19, 2010) (declining to permit discovery into plaintiff's immigration status, despite defendant's argument that "if any plaintiff used a false social security number, this information could be used as impeachment evidence," because "whatever value the information might hold as to impeachment is far outweighed by the chilling and prejudicial effect of disclosure"); *Barrera*, 2010 WL 1240904 at *5 (collecting cases where federal district courts have concluded that relying on a plaintiff's immigration status and/or use of an allegedly false social security number is minimally probative, highly prejudicial, and inadmissible). This Court will follow suit and preclude Defendants from setting forth any evidence or argumentation regarding the immigration/employment documents used by Plaintiff in connection with his employment with Defendants, even if offered solely for impeachment purposes.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's objection regarding the use of Plaintiff's immigration/employment documents submitted in connection with his employment is hereby sustained, and Defendants are precluded from offering into evidence any documents or argumentation regarding such documents to impeach Plaintiff's character for truthfulness.

Date: <u>February 13, 2024</u>　　　　　　　　　　　　　<u>　　　　　/s/　　　　　</u>
　　　　　　　　　　　　　　　　　　　　　　　　　J. Mark Coulson
　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge