IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CASTOLO WILMER DIAZ
MANCILLA,                                    *
                                             *
    *Plaintiff*,                             *
                                             *
    v.                                       *         Civil Case No: 1:22-cv-00032-JMC
                                             *
CHESAPEAKE OUTDOOR                           *
SERVICES, LLC et al,                         *
                                             *
    *Defendants*.

    *     *     *     *     *     *     *     *     *     *     *     *

<u>**MEMORANDUM OPINION**</u>

On January 6, 2022, Plaintiff filed this wage and overtime lawsuit against (1) Chesapeake

Outdoor Services, LLC, (2) Chesapeake Tree & Outside Services, LLC, (3) Keith Allen Cotter,

and (4) Charlotte Ellen Cotter (collectively "Defendants").  (ECF No. 1).  Specifically, Plaintiff

brings claims under three different statutes: (1) the Fair Labor Standards Act of 1938, as amended,

29 U.S.C. §§ 201 *et seq.*, ("FLSA"); (2) the Maryland Wage and Hour Law, Md. Code Ann., Lab.

& Employ. §§ 3-401, *et seq.* ("MWHL"); and (3) the Maryland Wage Payment and Collection

Law, Md. Code Ann., Lab. & Employ. §§ 3-501 *et seq*. ("MWPCL").  *Id.* at 2.[1]  The Court

conducted a bench trial from February 12, 2024, to February 14, 2024.  (ECF Nos. 82, 83, 84).

The Court issued a Memorandum Opinion on April 4, 2024, in which it concluded that Plaintiff's

claims were meritorious and that Plaintiff was entitled to a total of $187.50 in unpaid overtime

wages and liquidated damages.  (ECF Nos. 93, 94).  The Court then denied Defendants' motion to

alter or amend that decision on May 10, 2024.  (ECF No. 106).  Presently before the Court are two

---

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document.

motions: (1) Plaintiff's Motion for Attorney Fees (ECF No. 101) and (2) Plaintiff's Motion for Leave to File Affidavit in Support of Fee Petition Out of Time (ECF No. 105). The motions are fully briefed (ECF Nos. 107, 108)[2] and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the foregoing reasons, Plaintiff's motion for leave will be granted and Plaintiff's motion for attorney fees will be granted in part and denied in part.

## I.      BACKGROUND

The facts of this case are fully detailed in the Court's prior memorandum opinions. *See* (ECF Nos. 66, 93). For purposes of the present motions, the Court entered judgment in favor of Plaintiff in the amount of $187.50 on April 4, 2024, following the bench trial ($93.75 in unpaid wages and $93.75 in liquidated damages). (ECF No. 94). That judgment permitted Plaintiff to file any motion for attorney fees and costs by April 30, 2024, and permitted Defendants to file any opposition thereto by May 15, 2024. *Id.* Plaintiff timely submitted his motion for attorney fees on April 30, 2024, along with several attachments. (ECF No. 101). "Plaintiff intended to attach an affidavit as additional evidence regarding Plaintiff's requested fees. Unfortunately, however, a serious medical emergency that involved a multi-day hospitalization prevented Plaintiff from providing this additional affidavit." (ECF No. 105 at 1).

The untimely affidavit is the Declaration of Richard Neuworth. *Id.* Mr. Neuworth is a member of the Maryland Bar and a principal of the law firm Lebau & Neuworth with more than forty years of experience handling employment, employee benefits, and wage and hour cases. *Id.* Mr. Neuworth opines that Plaintiff's attorneys', Michael Amster, Edith Thomas, and Mariusz

---

[2] Plaintiff filed his Motion for Leave to File Affidavit in Support of Fee Petition Out of Time on May 8, 2024. (ECF No. 105). Defendants did not file an opposition to that motion and the time to do so has passed. *See* Loc. R. 105.2 (D. Md. 2023). The Court therefore deems this motion unopposed.

Kurzyna, hourly rates of $425.00, $425.00, and $435.00[3] (respectively) are reasonable for their work in this case. *See generally* (ECF No. 105-1).

## II.   DISCUSSION

### A.   Motion for Leave

Federal Rule of Civil Procedure 6 provides that:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension requires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1)(A)–(B).   Plaintiff's motion implicates Rule 6(b)(1)(B) given that the affidavit in question was filed eight (8) days following the Court's April 30, 2024, deadline.  "The Supreme Court has defined 'neglect' as encompassing 'late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'" *Arevalo v. Koski*, No. CIV. WDQ-13-3735, 2014 WL 2085352, at *2 (D. Md. May 15, 2014) (quoting *Pioneer Inv. Servs. v. Brunswich Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993)).  "The Supreme Court has defined 'excusable' as 'at bottom an equitable [inquiry], taking account of all relevant circumstances surrounding the party's omission.'" *Id.* (quoting *Pioneer*, 507 U.S. at 395). "The relevant circumstances include the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay . . . and whether the movant acted in good faith." *Id.* (internal quotation omitted).  "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited

---

[3] Although Mr. Neuworth opines that $435.00/hour is a reasonable hourly rate for Mr. Kurzyna's work on this case, Plaintiff seeks fees for Mr. Kurzyna's work at only $425.00/hour.  (ECF No. 101-1 at 4; ECF No. 105-1 at 5).

strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer*, 507 U.S. at 392.

Here, good cause exists permitting Plaintiff to file Mr. Neuworth's declaration out of time by reason of excusable neglect. Excusable neglect encompasses "intervening circumstances beyond the party's control," which includes counsel's unexpected multi-day hospitalization. *Arevalo*, 2014 WL 2085352, at *2. There is also no indication that considering Mr. Neuworth's declaration will result in any unfair prejudice to Defendants, as Defendants still timely filed their opposition to the motion for attorney fees (which does not contest the reasonableness of counsels' rates). The length of delay was minimal considering that Defendants still had sufficient time to review Mr. Neuworth's declaration before submitting their opposition to the motion for attorney fees. Further, there is no indication that the declaration was filed out of time due to simple dilatoriness or ignorance by Plaintiff's counsel in light of the purported medical emergency. This motion is also unopposed. The Court therefore grants Plaintiff's motion for leave (ECF No. 105) and will consider Mr. Neuworth's affidavit in assessing Plaintiff's motion for attorney fees.

B.  Motion for Attorney Fees

Prevailing parties in an FLSA action are "entitled to an award of attorney's fees and costs that they establish as reasonable." *Jackson v. Estelle's Place, LLC*, 391 F. App'x 239, 242 (4th Cir. 2010); *see also* 29 U.S.C. § 216(b). "The amount of the attorney's fees, however, is within the sound discretion of the trial court." *Burnley v. Short*, 730 F.2d 136, 141 (4th Cir. 1984). "To properly calculate an attorney's fees award, courts undertake a three-step process: (1) determine a lodestar figure; (2) subtract fees for hours spent on unsuccessful claims unrelated to successful ones; and (3) evaluate the degree of success of the plaintiffs." *Randolph v. PowerComm Constr.,*

*Inc.*, 780 F. App'x 16, 22 (4th Cir. 2019).  The Court considers twelve factors, known as the "*Johnson* factors," in assessing the reasonableness of the requested fee:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Spell v. McDaniel*, 824 F.2d 1380, 1402 n.18 (4th Cir. 1987) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).  "While the *Johnson* factors assist a court in calculating a reasonable fee award, a district court need not 'consider *all* twelve *Johnson* factors.'" *Reyazuddin v. Montgomery Cnty., Md.*, No. CV DKC 11-951, 2022 WL 4608331, at *10 (D. Md. Sept. 30, 2022) (quoting *Martin v. Mecklenburg Cnty.*, 151 F. App'x 275, 283 (4th Cir. 2005)) (emphasis added); *Erny on behalf of India Globalization Cap., Inc. v. MuKunda*, No. CV DKC 18-3698, 2020 WL 3639978, at *4 (D. Md. July 6, 2020); *cf. Brooks v. Roberts*, 501 F. Supp. 3d 103, 112 (N.D.N.Y. 2020) ("However, the trial court need not robotically recite and make separate findings as to all twelve of the *Johnson* factors.") (quotation omitted).  Maryland law further provides that prevailing plaintiffs in MWHL cases are entitled to reasonable attorney fees and that prevailing plaintiffs in MWPCL cases may be awarded reasonable counsel fees and costs.  *See* Md. Code Ann., Lab. & Empl. §§ 3-427(d)(1)(iii), 3-507.2(b).

### 1.  Preliminary Issues

Plaintiff's counsel states that they incurred $108,672.00 in fees and costs, but ultimately requests $101,578.70 ($92,371.20 in fees and $9,207.50 in costs) after applying a 15% reduction "In consideration of his degree of success and the additional *Johnson* factors."  (ECF No. 101 at

21).[4] The parties dispute various preliminary issues, which the Court will discuss initially before delving into the merits of Plaintiff's motion.

Defendants argue that Plaintiff's reliance on civil rights law is misplaced. *See* (ECF No. 107 at 5) ("This is not a civil rights case, yet Plaintiff's counsel devotes a significant portion of their briefing to attempting to equate civil rights to a wage claim for an extremely small amount."). This Court has consistently held the opposite. *See, e.g.*, *Yanes v. ACCEL Heating & Cooling, LLC*, No. PX-16-2573, 2017 WL 915006, at *3 (D. Md. Mar. 8, 2017) ("[T]he FLSA is a civil rights statute where attorneys' fees substantially in excess of the award are not unusual."); *Jackson*, 2017 WL 3216822, at *4 (noting that "This Court has . . . treated FLSA cases as civil rights cases"); *Spencer v. Cent. Servs., LLC*, No. CIV. CCB-10-03469, 2012 WL 142978, at *4 n.4 (D. Md. Jan. 13, 2012); *Portillo v. Intipuqueno Restaurant*, No. CV PWG-15-3909, 2019 WL 979627, at *5 (D. Md. Feb. 28, 2019) ("Indeed, the FLSA is a civil rights statute[.]") (cleaned up). Plaintiff's reliance on civil rights law in his fee petition is therefore appropriate.

The parties also dispute whether Plaintiff may properly be considered the "prevailing party" in this lawsuit. Plaintiff contends that he is the prevailing party because he succeeded in demonstrating Defendants' non-compliance with the FLSA, MWHL, and MWPCL, that Defendants had no objective good faith basis for their failure to pay overtime wages, that there was no *bona fide* dispute as to Plaintiff's entitlement to unpaid wages, and that all Defendants were Plaintiff's "employers" within the scope of the three statutes. (ECF No. 101 at 6). Defendants counter that Plaintiff is not the prevailing party because "there was a judgment of $93.75 in wages that would apply to each Count. However, Plaintiff only obtained a small portion of the mere

---

[4] Adding all the charges in Plaintiff's fee itemization highlights that counsel actually charged a total of $111,009.50 in services. (ECF No. 101-3 at 2–16).

$665.25 that he finally presented as the wages owed.  That is, Plaintiff succeeded in approximately one-seventh of what he was seeking."  (ECF No. 107 at 5).

The United States Supreme Court has explained "that the touchstone of the prevailing party inquiry" under fee-shifting statutes "must be the material alteration of the legal relationship of the parties."  *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 422 (2016) (citing *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 (1989)).  "This change must be marked by 'judicial *imprimatur*.'"  *Id.* (emphasis in original) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 605 (2001)).  "The Court has explained that, when a plaintiff secures an 'enforceable judgmen[t] on the merits' or a 'court-ordered consent decre[e],' that plaintiff is the prevailing party because he has received a 'judicially sanctioned change in the legal relationship of the parties.'"  *Id.* (quoting *Buckhannon*, 532 U.S. at 604–05).  In the specific context of civil rights cases, "plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some sort of the benefit the parties sought in bringing suit."  *Farrar v. Hobby*, 506 U.S. 103, 572 (1992) (quotations omitted).  "Therefore, to qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim.  The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement."  *Id.* at 111 (citations omitted).  Here, Plaintiff obtained an enforceable judgment against Defendants from whom fees are sought resulting from Plaintiff's success on the merits regarding his FLSA, MWHL, and MWPCL claims.  Although Plaintiff did not obtain a judgment in the amount he requested, he nevertheless obtained "some relief on the merits of his claim[s]" and is properly considered the prevailing party.  *Id.*

Defendants also argue that counsels' fee request should be diminished because:

> [T]his action should have been filed in small claims court in the District Court of Maryland for Baltimore County. Practically all of Plaintiff's counsel's recitation of litigation in their Statement of Case would not have occurred in small claims court. Plaintiff and his counsel knew prior to filing suit that his claim was far less than the $5,000.00 limit of small claims court within the District Court of Maryland for Baltimore County.
>
> In small claims court, there is no discovery nor motions. The extent of attorney's fees would be for filing a simple Complaint, and then preparing for an[d] attending the trial . . .
>
> Plaintiff's counsel instead decided on a course that would cause the most attorney's fees possible. Then, in the Statement of Case, tried to blame Defendants for Plaintiff's counsel's accumulation of very high attorney's fees for discovery and motions . . .
>
> As to the costs, Plaintiff's counsel took on thousands of dollars of costs of litigating in federal court when this case should have been filed in small claims court.

(ECF No. 107 at 2). No authority exists supporting the proposition that a plaintiff must file their federal-question-based lawsuit in state small claims court rather than federal court when a defendant would have preferred an alternate forum. Rather, 28 U.S.C. § 1331 provides that federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff's claims arose under a federal law—the FLSA—and the Court properly exercised supplemental jurisdiction regarding Plaintiff's MWHL and MWPCL claims. Plaintiff will not be admonished for filing a federal claim in federal court.

### 2. The Reasonableness of Plaintiff's Fee Petition — Lodestar Amount

"The first step in determining the reasonable attorney's fees is to calculate the lodestar—that is, the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Smith v. Touching Angels Healthcare, Inc.*, No. CV RDB-17-0673, 2018 WL 1035769, at *2 (D. Md. Feb. 23, 2018) (internal quotations omitted); *Randolph*, 780 F. App'x at 22.

a.   <u>Rates</u>

Plaintiff submits that the following hourly rates are reasonable for those involved in the prosecution of this case:

1.  $425.00/hour for Ms. Edith Thomas' services as a Senior Associate, who was admitted to the Maryland Bar in 2004, the District of Columbia Bar in 2006, and the Texas Bar in 2007, and whose practice has primarily focused on "employee-side employment litigation, including unpaid overtime, gender equity, race, disability, age, national origin discrimination, and similar civil rights cases";

2.  $425.00/hour for Mr. Mariusz Kurzyna's services as a Partner, who was barred in 2005 and whose practice "For the majority of his career" has "predominantly been wage and hour litigation";

3.  $425.00/hour for Mr. Michael Amster's services as a Partner, who was barred in 2009 and whose practice "is heavily focused on employment law, with an emphasis on wage and hour cases brought under the [FLSA] and corresponding state statutes";

4.  $325.00/hour for Mr. Roy Lyford-Pike's services as an Associate, who was barred in 2015 and whose "career has been focused on the practice of employment law"; and

5.  $150.00/hour for paralegal services.

(ECF No. 101 at 11; ECF No. 101-1 at 2–4).

"To determine reasonable hourly rates, a court 'looks to the prevailing market rates in the relevant community.'" *Reyazuddin*, 2022 WL 4608331, at *11 (quoting *Perdue v. Kenny A. ex rel Winn*, 559 U.S. 542, 551 (2010)).  "While a court may rely on affidavits from local attorneys opining on the reasonableness of a plaintiff's requested rates, it may also take judicial notice of its own knowledge of the local legal market.  And in the District of Maryland, that market knowledge

is embedded in . . . [the] Local Rules, Appendix B, which provides rates that vary based on an attorney's experience level." *Id.* (quotations and citations omitted); *see also Gonzalez v. Caron*, No. CIV.A. CBD-10-2188, 2011 WL 3886979, at *2 (D. Md. Sept. 2, 2011). While these "guidelines" are "not binding, generally this Court presumes that a rate is reasonable if it falls within these ranges." *Gonzalez*, 2011 WL 3886979, at *2. The Appendix B guidelines are as follows: $150-225 for lawyers admitted to the bar less than five years; $165-300 for lawyers admitted for five to eight years; $225-350 for lawyers admitted for nine to fourteen years; $275-425 for lawyers admitted for fifteen to nineteen years; and $300-$475 for lawyers admitted for twenty years or more. The rate for paralegals and law clerks is $95-150.

Defendants do not contest the reasonableness of the above rates. Each of the above rates are also presumptively reasonable under the Court's guidelines given each attorneys' years of experience and the hourly rate charged for paralegal services. Further, Mr. Neuworth attests that Mr. Amster's, Ms. Thomas', and Mr. Kurzyna's hourly rates are reasonable. The Court therefore concludes that these hourly rates are reasonable.

### b.  Hours Expended

"The party seeking fees must provide detailed records that specify the services performed, by whom they were performed, the time expended thereon, and the hourly rate charged." *Guillen v. Armour Home Improvement, Inc.*, No. CV DLB-19-2317, 2024 WL 1346838, at *4 (D. Md. Mar. 29, 2024) (quotations omitted). When it comes to compensable fees, "[T]he Court will not review any challenged entry in the bill unless the challenging party has identified it specifically and given an adequate explanation for the basis of the challenge." *Argonaut Ins. Co. v. Wolverine Const., Inc.*, 976 F. Supp. 646, 657 (D. Md. 2013). Fee applicants nevertheless "bear the burden of providing sufficient detail in their records to explain and support their requests for fees and

costs." *Andrade v. Aerotek, Inc.*, 852 F. Supp. 2d 637, 645 (D. Md. 2012); *see also Almendarez v. J.T.T. Enters. Corp.*, No. CIV. JKS 06-68, 2010 WL 3385362, at *5 (D. Md. Aug. 25, 2010) ("The burden to show reasonableness rests on the fee applicant.").  Thus, "When the documentation of hours is vague or incomplete the district court may reduce the award accordingly." *Argonaut*, 976 F. Supp. 2d at 657.

Neither will the Court award non-compensable, excessive, or unreasonable fees.  *See Reyazuddin*, 2022 WL 4608331, at *14 ("To determine reasonable hours expended, a court must 'exclude from its . . . fee calculation' hours 'that are excessive, redundant, or otherwise unnecessary.'") (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  Regarding non-compensable work, "Clerical work is not billable to an adversary." *Castillo Pacheco v. Mezeh-St. Mary's LLC*, No. TDC-21-2521, 2023 WL 5411071, at *4 (D. Md. Aug. 22, 2023).  Non-compensable clerical tasks include, *"inter alia*, filing documents with the Court, organizing documents, or assembling binders." *Ramirez v. 316 Charles, LLC*, No. CV SAG-19-03252, 2021 WL 662185, at *3 (D. Md. Feb. 19, 2021); *see also Two Men & A Truck/Int'l, Inc. v. A Mover Inc.*, 128 F. Supp. 3d 919, 929–30 (E.D. Va. 2015) (giving examples of non-compensable clerical work like "collating and filing documents with the court, issuing summonses, scanning and mailing documents, reviewing files for information, printing pleadings and preparing sets of orders, document organization, creating notebooks or files and updating attorneys' calendars, assembling binders, emailing documents or logistical telephone calls with the clerk's office"); *cf. PNC Bank, N.A. v. Starlight Props. & Holdings, LLC*, No. 6:13-CV-408-ORL, 2014 WL 2574040, at *12 (M.D. Fla. June 9, 2014) ("Work that is purely clerical in nature, such as preparing civil cover sheets or summonses, and the like, are not compensable hours.").

The Court will organize its analysis based on the categories described in Plaintiff's fee itemization.   These sections address several *Johnson* factors, including the time and labor expended, the novelty and difficulty of the questions raised, the skill required to properly perform the legal services rendered, the experience, reputation, and ability of the attorneys, and fee awards in comparable cases.

### 1.  Case Development

Plaintiff's counsel billed 11 compensable hours on case development for a total of $3,962.50.  (ECF No. 101-3 at 2–16).  Most of that time appears to be reasonable and Defendants do not specifically indicate or argue otherwise.  However, some of the billable entries related to case development include charges for non-compensable work:

- 0.3 billable hours on January 11, 2022, for revieing the Court's preliminary magistrate judge assignment orders and filing a magistrate judge consent form ($97.50);

- 0.9 billable hours on January 11, 2022, for reviewing the Court's preliminary orders and preparing service packets ($292.50);

- 0.6 billable hours on March 21, 2022, for reviewing Plaintiff's file and preparing an affidavit of service ($195.00);

- 0.2 billable hours on March 2, 2022, for again reviewing the Court's preliminary orders and "docket entries" ($65.00);

- 0.1 billable hours on March 2, 2022, for reviewing the notice of case assignment issued in this case ($32.50);

- 0.6 billable hours on May 27, 2022, for reviewing the Court's preliminary orders, preparing a consent to proceed before the undersigned, and filing the same ($195.00);

- 0.1 billable hours on June 2, 2022, for reviewing the notice of case assignment again ($32.50);

- 0.2 billable hours on September 13, 2022, to prepare and file a substitution of counsel ($85.00);

- 0.2 billable hours on September 14, 2022, for adding dates to counsels' tasks ($30.00);

- 0.1 billable hours on July 11, 2023, to review a two-sentence paperless order scheduling a phone conference to discuss trial related dates ($15.00); and

- 0.1 billable hours on February 15, 2024, to review the Court's order granting in part and denying in part Plaintiff's motion in limine ($15.00).

(ECF No. 101-3 at 2–16).  The above tasks are clerical in nature or otherwise non-compensable and therefore no compensation to Plaintiff's counsel for those tasks is appropriate.  *See April J. v. Kijakazi*, No. CV 21-1584-BAH, 2022 WL 4017381, at *2 (D. Md. Sept. 2, 2022) (reducing fees where "Plaintiff's timesheets include numerous tasks that can only be described as clerical, including the purported 'review' of numerous routine docket entries that should take mere seconds, not six minutes," such as orders memorializing judicial case assignments and brief orders, and reducing fees associated with excessive time spent reviewing the plaintiff's case file); *Allyssa L. v. Comm'r, Soc. Sec. Admin.*, No. CV MDLB-20-329, 2022 WL 171546, at *1 (D. Md. Jan. 14, 2022).  Accordingly, the Court will remove the above 3.4 hours of requested compensation for case development, making $2,907.50 the total compensable amount for case development.

2.      ADR

Defendants take issue with certain entries related to settlement negotiations before Plaintiff filed suit.   "Although a district court 'has discretion to consider settlement negotiations in determining the reasonableness of fees[,] . . . it is not required to do so.'"  *Ramnarine v. Rainbow Child Dev. Ctr., Inc.*, No. 17-CV-02261, 2022 WL 16709764, at *8 (D. Md. Nov. 4, 2022), *report and recommendation adopted*, No. DKC-17-2261, 2023 WL 1416031 (D. Md. Jan. 31, 2023).  The Court is generally hesitant to consider settlement negotiations in determining the reasonableness of fees because doing so conflicts with Local Rule 607.4:

> The Court's ADR process is confidential.  Unless otherwise agreed by the parties and the Court, no disclosure shall be made to anyone, including the judicial officer to whom the case is assigned, of any dispute resolution communication that in any respect reveals the dispute resolution positions of the parties or advice or opinions of neutrals.  No such communication shall be admissible in any subsequent proceeding except as permitted by the Federal Rules of Evidence.

Loc. R. 607.4 (D. Md. 2023).  "Recognizing such, courts have approved consideration of a parties' settlement position during a determination of fees in a few limited circumstances," including where "the complaint was silent as to the total amount of damages sought, thus reference to settlement was necessary to determine the amount of damages the plaintiff originally sought[.]" *Ranmarine*, 2022 WL 16709764, at *8.

Here, Plaintiff's counsel billed 3.3 compensable hours for alternate dispute resolution, including drafting Plaintiff's initial demand letter and conferencing with Defendants regarding settlement, for a total of $1,100.00.  (ECF No. 101-3 at 2–16).  Defendants fault Plaintiff's initial demand letter because (1) it demanded $7,617.50 (of which $1,372.50 was purportedly owed in unpaid overtime wages); (2) it stated that Plaintiff's hourly wages were $15.00 and $17.00;[5] (3)

---

[5] It was established at trial that Defendants paid Plaintiff $15.00/hour for some period of Plaintiff's employment, but it was never established that Defendants ever paid Plaintiff a $17.00/hour wage.

that Plaintiff worked over forty hours virtually every week; and (4) it represented that Plaintiff's counsel had already incurred $3,500.00 in attorney fees despite Plaintiff's itemization submitted in support of the present motion indicating that Plaintiff's counsel had incurred only $1,392.50 in fees as of the date that the demand letter was sent.  (ECF No. 107 at 1–2).  Because Defendants contest the reasonableness of the demand, Plaintiff's complaint was silent as to the total amount of damages sought,[6] and the amount of damages Plaintiff sought is relevant (particularly *infra*), the Court will consider the demand letter in assessing the reasonableness of Plaintiff's fee petition.

Plaintiff's counsel explains that the initial demand amount was based on the information available to them at the time, and that "undersigned counsel did not have access" to Plaintiff's detailed time records yet to provide a certain amount of allegedly unpaid overtime wages.  (ECF No. 108 at 3–4).  Moreover, Plaintiff's counsel asserts that their representation that they had already incurred $3,500.00 in attorney fees was because "It was an estimate of what Plaintiff's fees would have been if Defendants had retained counsel and negotiated a pre-litigation resolution. It would not be practicable to state the exact amount of fees incurred in such a letter because the fees constantly change and having to increase fees requested each time the file is touched is neither practical nor would it promote a productive settlement conversation."  *Id.*

The Court finds the first argument to be a reasonable explanation but rejects the second. The first argument is particularly persuasive because of the somewhat haphazard nature of the time keeping records in this case.  Regarding the second, Plaintiff's demand letter expressly states that

---

[6] The evidence further indicates that Plaintiff did not provide a definitive amount of claimed unpaid wages until much later in the litigation.  Plaintiff's July 21, 2021, demand letter represents that Plaintiff is owed $1,372.50 in "Unpaid Overtime" along with $2,745.00 for "Liquidated Damages."  (ECF No. 107-1 at 2).  Defendant Keith Cotter claims that an attorney from Plaintiff's counsels' firm called him shortly thereafter "demanding $25,000.00."  (ECF No. 107-2 at 2).  Mr. Amster then represented in a September 19, 2022, email to Defense counsel that Plaintiff may seek a "trial on a claim for unpaid wages that is very small, probably less than $1,000."  (ECF No. 101-2 at 3).  Plaintiff himself then could not provide Defendants with a calculation of exactly how many hours he claimed he was owed on October 13, 2022, when asked during his deposition.  (ECF No. 107-3 at 3–4).

Defendants had incurred $7,617.60 in total damages, including $3,500.00 in already-incurred attorney fees. Plaintiff's counsel could have easily determined that that figure for attorney fees was objectively inaccurate given the billing entries it sets forth now. It would have been practical (and perhaps ethical) for Plaintiff's counsel to verify and accurately state the amount of fees it had incurred at that time because such fees were readily calculable, or at least to provide an estimate that wasn't nearly double the actual value. The Court also disagrees with Plaintiff that being fully transparent with an opposing party regarding costs incurred would not "promote a productive settlement conversation." (ECF No. 108 at 5). The Court therefore concludes that 25% fee reduction is warranted for counsels' ADR efforts given their misrepresentation in their initial demand letter, making their compensable ADR costs $825.00. *See Guillen*, 2024 WL 1346838, at *12 (reducing billable hours for settlement by 25% in part because of party's overstatement of fees).

### 3. Pleadings

Plaintiff's counsel reports spending 5.5 compensable hours on the pleadings for a total bill of $1,647.50. (ECF No. 101-3 at 2–16). For the most part, that time appears to be reasonable and Defendants do not specifically indicate or argue otherwise. However, some of the entries related to pleading again include charges for non-compensable work. Plaintiff's counsel billed 2.5 hours in part for preparing and revising the civil cover sheet and summons in this case on January 6, 2022, for a total charge of $812.50. (ECF No. 101-3 at 3). That entry also includes charges for researching the proper defendants in this case, reviewing the demand letter and response, reviewing paystubs on file, and preparing the complaint, which *are* compensable hours. *Id.* However, because counsels' use of block billing in this entry makes it impossible to separate the compensable work from the non-compensable work, the entire 2.5 hours will be disallowed. The

same conclusion applies to counsels' charge on February 14, 2022, which includes charges for filing affidavits for 0.4 compensable hours at a rate of $60.00. The Court therefore removes those 2.9 hours of requested attorney compensation with respect to the pleadings, making $775.00 the total compensable amount for such.

### 4.   Discovery

Plaintiff's counsel reports spending 30.7 compensable hours on discovery matters for a total bill of $10,975.00. (ECF No. 101-3 at 2–16). That time appears to be reasonable and Defendants do not specifically indicate or argue otherwise. Neither do the discovery charges seek reimbursement for the same non-compensable tasks implicated above. The Court therefore does not deduct any hours from this category.

### 5.   Hearings

Plaintiff's counsel reports spending 6.2 compensable hours preparing for and attending discovery dispute and pretrial hearings/conferences and preparing joint status reports, totaling $2,430.00. (ECF No. 101-3 at 2–16). While that time appears to be mostly reasonable, it includes a non-compensable task: 0.4 billable hours to review the Court's scheduling order (which Plaintiff's counsel already charged for in the preceding entries) and to "update tasks" ($130.00). (ECF No. 101-3 at 4). The Court therefore removes those 0.4 hours of requested attorney compensation with respect to preparing for and attending hearings, making $2,300.00 the total compensable amount for hearing-related activities in this case.

### 6.   Depositions

Plaintiff's counsel reports spending 28.3 compensable hours preparing for and attending various depositions, totaling $11,395.00. (ECF No. 101-3 at 2–16). Those hours and totals appear reasonable, except for the September 16, 2022, charge of $1,827.50, denoting 4.3 billable hours

17

for "Closely reviewing all documents in preparation for deposition, create deposition outline, organize document for same."  (ECF No. 101-3 at 7).  As noted above, organizing documents is non-compensable clerical time.  And since counsels' block billing practices make it impossible to determine what portion of that time was impermissibly charged for organizing documents, the Court removes the entire 4.3 hours of requested attorney compensation with respect to that entry, making $9,567.50 the total compensable amount for depositions in this case.

### 7.  Motions Practice

Plaintiff's counsel billed 63.9 compensable hours of motions practice for $25,892.50. (ECF No. 101-3 at 2–16).  Most of these hours are for work regarding motions to modify the Court's scheduling order and Plaintiff's motion for summary judgment.[7]  The hours regarding the motions to modify the Court's scheduling orders are reasonable and Defendants do not argue or specifically indicate otherwise.

However, Plaintiff's fees regarding his motion for summary judgment are excessive. Defendants contend that counsels' fees regarding the motion for summary judgment are unreasonable because "Plaintiff's counsel spent a large amount of time on summary judgment briefing that was unnecessary and not contested."  (ECF No. 107 at 7).  Beginning with the initial motion for summary judgment, counsel cumulatively billed 34.8 compensable hours for a total of $13,634.50 (ECF No. 101-3 at 10–11).  Breaking that down further, those involved with the initial motion for summary judgment billed as follows:

---

[7] Although Plaintiff's motion for summary judgment was partially unsuccessful, perhaps implicating *Johnson* factor 8, prevailing parties are entitled to recover fees associated with unsuccessful motions (rather than claims) so long as the "hours spent on these activities do[] not appear excessive and these efforts–though unsuccessful–were not unreasonable or in bad faith*." Cross v. Fleet Rsrv. Ass'n Pension Plan*, No. CIV. WDQ-05-0001, 2010 WL 3609530, at *8 (D. Md. Sept. 14, 2010), *amended in part on other grounds*, No. CIV. WDQ-05-0001, 2010 WL 4809126 (D. Md. Nov. 19, 2010); *see also Carpet Super Mart, Inc. v. Benchmark Int'l Co.*, No. 1:18CV398, 2020 WL 4505670, at *14 (M.D.N.C. Aug. 5, 2020) ("Accordingly, district courts [in the Fourth Circuit] award fees for unsuccessful motions if the moving party was successful on the underlying claim and the motion advances that claim in some permissible way.").

- Mr. Amster billed 23 hours for $9,774.50;

- Ms. Thomas billed 7.6 hours for $3,320.00; and

- Paralegal Anzora billed 4.2 hours for $630.00.

*Id.*[8]

Defendants are correct that a portion of Plaintiff's motion for summary judgment went unopposed. Specifically, Defendants did not contest that the Chesapeake companies were Plaintiff's joint employers despite Plaintiff dedicating nearly 13 pages in his initial motion to that argument. *See* (ECF No. 58-1 at 2–13; ECF No. 64 at 10). However, there is no indication that Defendants made that concession prior to Plaintiff filing his motion. Plaintiff alleged in paragraph four of his Complaint that "Chesapeake Tree Outdoor Services, LLC and Chesapeake Tree & Outside Services, LLC were integrated employers and jointly employed Plaintiff." (ECF No. 1 at 2). Defendants' Amended Answer to Plaintiff's Complaint denied the truth of paragraph four. (ECF No. 30 at 1). Without any other indication that Defendants made this concession prior to Plaintiff's motion for summary judgment, the Court will not admonish Plaintiff for briefing a then-contested issue.

However, the time spent drafting that motion for summary judgment was nevertheless excessive. Plaintiff's motion for summary judgment consisted mostly of block quotes taken from various depositions in this case. Plaintiff's argument did not begin until page 30/41 of that motion and none of those arguments were particularly novel. *See generally* (ECF No. 58-1). It was therefore excessive for a Partner and Senior Associate with a combined roughly 35 years of experience in wage and hour/employment law to draft that motion in about as many hours. Mr. Amster also charged 15.2 billable hours for his 13-page reply to Defendants' opposition for

---

[8] Plaintiff does not provide Mr./Ms. Anzora's first name.

$6,034.50, which is excessive given the issues argued therein and Mr. Amster's experience.  The Court will therefore reduce the amount of fees recoverable regarding the motion for summary judgment by 25%, making $14,819.25 the total amount of fees recoverable regarding the same instead of $19,759.00.  In other words, the recoverable fee for motions practice is reduced by $4,939.75 thus far.

Plaintiff's fees regarding his January 5, 2024, motion in limine are also excessive.  Mr. Amster billed $1,317.50 in services to prepare the motion and review Defendants' opposition thereto.  Ms. Thomas billed $1,530.00 in services drafting Plaintiff's reply to Defendants' opposition.  Although the Court granted that motion in part, the Court noted that Plaintiff's motion was effectively unnecessary given that it was made in preparation for a bench trial.  (ECF No. 81 at 4).  Further, the issues argued in that motion were simple and straightforward.  Plaintiff even noted in that motion that the legal issue presented therein was well established.  (ECF No. 70 at 3–4).  Further, Defendants' opposition did not contest that Plaintiff was entitled to the relief the Court ultimately awarded him in granting that motion in part, making Plaintiff's reply almost unnecessary let alone worth 3.6 hours of billable time by Ms. Thomas.  (ECF No. 75 at 1); *see Gonzalez*, 2011 WL 3886979, at *4 (reducing hours reimbursed for motion that "was not complicated or fact-intensive").  The Court will therefore award Plaintiff's counsel only 2 hours in fees regarding that motion (1 hour for each attorney), or $850.00 total.  In other words, the Court will reduce the recoverable fee regarding the motion in limine by $1,997.50.  Combined with the above deduction regarding Plaintiff's motion for summary judgment, the total amount of fees recoverable for motions practice is therefore $18,955.25.

8.   Trial Preparation

Plaintiff's counsel billed 126.5 hours for trial preparation/attendance for a total amount of

$47,329.50.  (ECF No. 103-1 at 2–16).  Most of those entries appear reasonable without specific

objection from Defendants, but the following entries denote non-compensable tasks for which no

award is given:

- 2 billable hours on February 6, 2024, to "prepare binders for trial" ($300.00);

- 0.1 billable hours on February 6, 2024, for "Conference with MA about trial binders";
($15.00);

- 4 billable hours on February 6, 2024, to "Prepare documents and organize trial exhibits,
and conference with GA about same" ($600.00);

- 0.8 billable hours on February 7, 2024, to "prepare binders for trial" ($120.00);

- 2 billable hours on February 7, 2024, to "Complete and organi[z]e trial documents"
($300.00);

- 2.4 billable hours on February 9, 2024, to "Complete organizing trial exhibits"
($360.00); and

- 0.5 billable hours on February 9, 2024, to "Finish making changes to binders for trial"
($75.00).

(ECF No. 101-3 at 14–15).  These tasks are clerical and non-compensable.  *See, e.g.*, *Guillen*, 2024

WL 1346838, at *15, *17 ("To cite just one example of non-compensable clerical work M&A

billed at paralegal or attorney rates: M&A billed for at least 60 hours of making binders . . .

Multiple courts in multiple jurisdictions have stricken fees for making binders.").  The Court

therefore removes the above 11.8 hours of time from Plaintiff's fee petition (worth $1,770.00 in

charges), making $45,559.50 the total amount recoverable in fees regarding trial.

9. Fee Petition

Plaintiff's counsel billed 13.7 hours in connection with the present fee petition for a total amount of $5,822.50. (ECF No. 101-3 at 16). "A district court may award the prevailing party 'fees on fees': 'fees incurred in litigating the question of fees.'" *Guillen*, 2024 WL 1346838, at *13 (quoting *Mercer v. Duke Univ.*, 401 F.3d 199, 202 n.3 (4th Cir. 2005)). "Nevertheless, it is within the district court's 'discretion to determine exactly what amount would compensate the party sufficiently for the time spent on the fees phase of a lawsuit,' including by reducing the award to eliminate time spent unreasonably." *Id.* (quoting *Trimper v. City of Norfolk*, 58 F.3d 68, 77 (4th Cir. 1995)).

Here, the Court concludes that $5,822.50 is an excessive award for fees incurred in connection with the present motion. Plaintiff's motion does not jostle with complex questions of law; it argues relatively straightforward issues for which extensive case law is available in a relatively straightforward case. In light of counsels' decades of experience in handling similar matters, the Court will reduce the award regarding the present fee petition by 25%, thereby entitling Plaintiff's counsel to recover $4,366.86 regarding the same.

10. Other Fees

Plaintiff's itemization includes charges categorized as "fees" not within any of the above categories. Those "fees" denote 1.2 billable hours for a total amount of $455.00 incurred preparing and reviewing (and presumably providing to Defendants) quarterly reports. (ECF No. 101-3 at 2–16). Such costs are contemplated by the Local Rules and Defendants do not indicate or otherwise argue that Plaintiff should not be able to recover these costs as the prevailing party in this litigation. *See* Loc. R., App'x B(1)(c) (D. Md. 2023). The Court therefore declines to deduct fees from this category.

Having thoroughly reviewed Plaintiff's fees in light of Defendants' objections and the *Johnson* factors, the Court concludes that the total lodestar amount is $96,686.61, broken down as follows:

| Fee Category | Total Fee[9] | Reduction(s) | Fee Awarded |
|---|---|---|---|
| Case Development | $3,962.50 | Non-compensables | $2,907.50 |
| ADR/Settlement | $1,100.00 | 25% (category reduction) | $825.00 |
| Pleadings | $1,647.50 | Non-compensables | $775.00 |
| Discovery | $10,975.00 | | $10,975.00 |
| Hearings | $2,430.00 | Non-compensables | $2,300.00 |
| Depositions | $11,395.00 | Non-compensables | $9,567.50 |
| Motions Practice | $25,892.50 | 25% (MSJ); 6.7 hours (MIL) | $18,955.25 |
| Trial/Preparation | $47,329.50 | Non-compensables | $45,559.50 |
| Fee Petition | $5,822.50 | 25% (category reduction) | $4,366.86 |
| Fees | $455.00 | | $455.00 |
| **Total Lodestar Amount** | | | **$96,686.61** |

### 3. The Reasonableness of Plaintiff's Fee — Claim Reduction(s)

The next step in computing Plaintiff's award of attorney fees is to "subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *McAfee*, 738 F.3d at 88. Plaintiff prevailed on all three of his overall claims, so it is not apparent that any subtractions should be made at this stage. Defendants' only argument relevant to this step is that fee reduction is

---

[9] The "total fee" is calculated based on the total amount of compensable hours and charges as listed in Plaintiff's itemization without any reductions and without Plaintiff's self-offered 15% overall reduction of the lodestar fee in light of his degree of success (discusses further below).

warranted because establishing that Defendant Keith Cotter was an "employer" and that the Chesapeake companies were "joint employers" "were not actually issues in the case." (ECF No. 107 at 6–7). But even if Defendant Keith Cotter did not contest that he was Plaintiff's employer, Plaintiff nevertheless established that Defendant Keith Cotter violated the FLSA, MWHL, and MWPCL as Plaintiff's employer, making Plaintiff's claims against Defendant Keith Cotter successful. The Court also explained above how Defendants' position regarding the Chesapeake companies is not entirely accurate, but it fails regardless because Plaintiff also established that the Chesapeake companies were Plaintiff's joint employers and that they violated the FLSA, MWHL, and MWPCL. No deductions are warranted at this stage.

### 4. *The Reasonableness of Plaintiff's Fee — Degree of Success*

"Finally, the court should award 'some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff.'" *McAfee*, 738 F.3d at 88 (quoting *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 244 (4th Cir. 2009)). "[T]he most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Doe v. Chao*, 435 F.3d 492, 506 (4th Cir. 2006). "While quantifying success is 'challenging,' courts nonetheless '*must* compare the amount of damages sought to the amount awarded.'" *Fiallos v. Hamzah Slaughter House, LLC*, No. 1:20-CV-03577-JMC, 2022 WL 16923859, at *4 (D. Md. Nov. 14, 2022) (quoting *Randolph*, 780 F. App'x at 23) (emphasis supplied in *Randolph*).

As referenced *supra*, Plaintiff was either unable to set forth his total alleged unpaid wages or provided inconsistent unpaid wage calculations throughout the course of this litigation. Not even his pretrial memorandum set forth the total amount of unpaid wages he sought at trial. *See generally* (ECF No. 76). It was not until Plaintiff submitted his proposed findings of fact and conclusions of law that he definitively claimed Defendants owed him $665.25 in unpaid overtime

wages.  (ECF No. 91 at 10).  Plaintiff also claimed at that time that he was entitled to $1,995.75 in total damages (the $665.25 in unpaid wages plus liquidated/treble damages).  *Id.* at 39.  Defendants argue that counsels' fee request should be significantly reduced because, given those figures, Plaintiff succeeded in recovering roughly one-seventh (1/7th) of his claimed unpaid overtime wages.  (ECF No. 107 at 6).  Plaintiff's recovery also represents roughly one-tenth (1/10th) of his claimed overall damages.  Defendants request an 85% reduction of Plaintiff's fees because $93.75 is 15% of $665.25 and "Thus, in granting any attorney's fees, this Court should look to Plaintiff's degree of success and reduce the attorney's fees by that failure of success."  (ECF No. 107 at 8).

The Supreme Court has rejected the argument that fee awards under civil rights statutes "should necessarily be proportionate to the amount of damages a civil rights plaintiff actually recovers."  *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986).  This Court has repeatedly applied that principle in FLSA lawsuits.  *See, e.g.*, *Andrade*, 852 F. Supp. 2d at 644; *Ramirez*, 2021 WL 662185, at *6; *Ranmarine*, 2022 WL 16709764, at *12; *Fiallos*, 2022 WL 16923859, at *4. We have justified this principle in part because FLSA cases "often involve representing vulnerable clients with limited English skills against relatively small businesses operating informally," which is the exact situation implicated here.  *Reyes v. Clime*, No. PWG-14-1908, 2015 WL 3644639, at *5 (D. Md. June 8, 2015); *see also Butler v. Directsat USA, LLC*, No. DKC-10-2747, 2016 WL 1077158, at *6 (D. Md. Mar. 18, 2016) (explaining that "nonmonetary goals, such as vindicating rights and deterring future violations, can be served by FLSA litigation and can be a measure of a plaintiff's success").  Moreover, "a rule requiring proportionality would 'seriously undermine Congress' purpose' and prevents victims who frequently cannot pay counsel at market rates from effective access to the justice system."  *Salinas v. Com. Interiors, Inc.*, No. 8:12-CV-1973-PWG, 2018 WL 2752553, at *3 (D. Md. June 8, 2018), *report and recommendation adopted as modified*

*on other grounds*, No. CV PWG-12-1973, 2018 WL 3912857 (D. Md. Aug. 16, 2018).  Courts in the Fourth Circuit therefore routinely award fees substantially exceeding damages in civil rights cases, including the FLSA.  *See, e.g., Almendarez*, 2010 WL 3385362, at *3 (collecting cases).

Here, the Court cannot conclude that Plaintiff's recovery served particularly compelling interests under the FLSA given his low overall claimed amount of unpaid overtime wages and the even lower number he recovered in relation to that amount.  Yet, the Court recognizes that Plaintiff nevertheless succeeded on his claims and, in so doing, furthered the aims all three wage statutes.  Plaintiff provides numerous citations to cases in which this Court has reduced lodestar amounts by anywhere from 5% to 35% percent depending on the amount of damages civil rights plaintiffs have recovered.  *See* (ECF No. 101 at 19).  Further review highlights that this Court found that even "a 50 percent reduction for a 17 percent success is appropriate" under certain circumstances.  *Guillen*, 2024 WL 1346838, at *19.

Having reviewed this body of case law and comparable cases, the Court concludes that a 35% reduction is appropriate.  The amount of unpaid overtime wages and overall damages Plaintiff recovered is noticeably lower than all the cases that he cites employing a 5% reduction,[10] but counsels' billing judgment was not remotely as improper as that warranting a 50% reduction.  Rather, Plaintiff's low recovery in light of his relatively small monetary claims warrants a 35%

---

[10]  *See, e.g., Ramirez*, 2021 WL 662185, at *1 ($18,806.44 in damages); *Matias Guerra v. Teixeira*, No. CV TDC-16-0618, 2019 WL 3927323, at *1 (D. Md. Aug. 20, 2019) ($44,302.50 in damages).  The cases that Plaintiff cites in which the Court declined to reduce the lodestar fee at all based on degree of success are also inapposite on this issue.  *See, e.g., Ranmarine*, 2022 WL 16709764, at *3 ($2,389.50 in damages); *Salinas*, 2018 WL 2572253, at *6 ($1,041.00 "recovery on the total 1,041.00 sought").  Counsels' reliance on *Salinas* is further misplaced because it was modified in part.  The exact citation that counsel relies on is Judge Simms' Report and Recommendation at the request of Judge Grimm pursuant to 28 U.S.C. § 636 and Local Rule 301.5(b).  *Salinas*, 2018 WL 2572253, at *1.  Judge Grimm subsequently adopted most of that Report and Recommendation but determined that a 10% reduction was warranted in that case based on the degree of success.  *Salinas v. Com. Interiors, Inc.*, No. CV PWG-12-1973, 2018 WL 3912857, at *3 (D. Md. Aug. 16, 2018).

reduction in the lodestar figure.  With this adjustment, the Court will award attorney fees in the amount of $62,846.30.

     *5.  Costs*

     Plaintiff's counsel also requests $9,207.50 in costs related to this action.  (ECF No. 101 at 20–22).  The Court notes at the outset that Defendants do not challenge any particular costs with specificity.  Rather, they assert that Plaintiff is entitled to only $150.00 in costs because that is the amount of costs Plaintiff would have incurred had he filed this lawsuit in small claims court.  (ECF No. 107 at 8).  This argument is unpersuasive for the reasons already explained, so the Court will continue to assess the reasonableness of Plaintiff's purported costs.

     The FLSA and its Maryland state counterparts provide that prevailing parties in wage and hour cases may recover reasonable costs incurred from pursuing claims thereunder.  *See* 29 U.S.C. § 216(b); Md. Code Ann., Lab. & Empl. §§ 3-427(d)(1)(iii), 3-507.2(b).  Local Rule 109.1 further provides that:

> In any case where any costs other than the fee for filing the action are being requested, the bill of costs shall be supported by affidavit and accompanied by a memorandum setting forth the grounds and authorities supporting the request.  Any vouchers or bills supporting the cost being requested shall be attached as exhibits.
>
> A party objecting to any requested costs shall submit a memorandum in opposition to the request within the time permitted by L.R. 105.2.  If no such memorandum is filed within the required time, the Clerk may, without notice or hearing, tax all of the requested costs.

Loc. R. 109.1(b)–(c) (D. Md. 2023).  "The Court has the same discretion over an award of costs as it has over an award of fees."  *Guillen*, 2024 WL 1346838, at *23 (citing *Roy v. Cnty. of Lexington, S.C.*, 141 F.3d 533, 549 (4th Cir. 1998)).  "The costs that may be charged to losing defendants include 'those reasonable out-of-pocket expenses incurred by the attorney which are

normally charged to a fee-paying client, in the course of providing legal services.'" *Almendarez*, 2010 WL 3385362, at \*7 (quoting *Spell*, 852 F.2d at 771).

Plaintiff's motion attests that the $9,207.50 in requested costs is the product of "a filing fee, service of process, court reporter costs, translation costs, mailings, and parking.  These costs were necessary for the successful litigation of this matter."  (ECF No. 101 at 21).  Plaintiff's counsel further represents that it "incurred numerous costs [that] are not included" in their request.  *Id.*  The types of costs Plaintiff seeks are recoverable.  Plaintiff also provides a breakdown of those costs in connection with this motion.  *See* (ECF No. 101-4 at 1–3).  Those costs appear to be reasonable and appear to have been reasonably incurred in the course of this litigation pursuant to customary tasks necessary to further this case without being excessive.  Without more detailed objections from Defendants regarding those costs, the Court cannot conclude that they are unreasonable.  The Court therefore awards Plaintiff $9,207.50 in costs.

### 6. *Post-Judgment Interest*

28 U.S.C. § 1961(a) provides that "Interest shall be allowed on any money judgment in a civil case recovered in a district court."  In FLSA cases, this Court previously determined that the appropriate date from which such post-judgment interest begins accruing follows the date which the Court issues a decision regarding the attorney fees and costs a prevailing party may be entitled to.  *See Fiallos*, 2022 WL 16923859, at \*5.  Given this precedent and acknowledging that FLSA actions usually require determinations of attorney fees separate and after judgments on the merits, any post-judgment interest here shall begin to accrue fourteen (14) days from the date of this Memorandum Opinion and its accompanying Order.

**III.      CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Leave to File Affidavit in Support of Fee Petition Out of Time (ECF No. 105) is GRANTED and Plaintiff's Motion for Attorney Fees (ECF No. 101) is GRANTED IN PART and DENIED IN PART.  A separate Order follows.


Date: <u>May 31, 2024</u>                                    _____/s/_____
                                                                                 J. Mark Coulson
                                                                                 United States Magistrate Judge